IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| **COLUMBIA GAS TRANSMISSION LLC,** | * | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | Civil Action No.: 1:14-cv-00469 |
| | * | |
| **370.393 ACRES, ET AL.,** | | |
| | * | JURY REQUESTED |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER AND JURY DEMAND

COMES NOW Stephen A. Williams and Christine C. Williams, owners of Parcel No. 20-00-013434, Edmund Childs and Marian Childs, owners of Parcel No. 17-00-004906, Patrick George Welsh, Jr., owner of Parcel No. 20-00-013430, Anthony H. DiFerdinando II and Mary DiFerdinando, owners of Parcel No. 20-00-013431, and Mary DiFerdinando, owner as a tenant in common of Parcel No. 10-13055202, Defendants, in the above-captioned cause of action, by and through their undersigned counsel, Kenny Law Group, LLC and Karen R. Byers, Esquire and Heidi S. Kenny, Esquire, and files this their Answer and Jury Demand in response to Plaintiff's Complaint in Condemnation, and states as follows:

1.    Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 1.

2.    Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 2.

3.    Defendants admit the allegations contained in Paragraph 3, subject to objections and defenses hereinafter.

4. Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 4.

5. Defendants admit the allegations contained in Paragraph 5, subject to objections and defenses hereinafter.

6. Defendants admit the allegations contained in Paragraph 6, subject to objections and defenses hereinafter.

7. Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 7.

8. Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 8.

9. Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 9.

10. Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 10.

11. Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 11.

12. Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 12.

13. Defendants admit the allegations contained in Paragraph 13, subject to objections and defenses hereinafter.

14. Defendants admit the allegations contained in Paragraph 14, subject to objections and defenses hereinafter.

15. Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 15.

16. Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 16.

17. Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 17.

18. Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 18.

19. Defendants admit the allegations contained in Paragraph 19.

20. Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 20.

21. Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 21.

22. Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 22.

23. Defendants admit the allegations contained in Paragraph 23, subject to objections and defenses hereinafter.

24. Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 24.

25. Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 25.

26. Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 26.

27. Defendants object to the allegations contained in Paragraph 27 to the extent that the property rights and interests to be acquired through condemnation have not been specifically described and identified by metes and bounds and no surveys have been provided to Defendants. Without such legal descriptions of the property rights and interests to be acquired by Plaintiff, Defendants do not know what property rights and interests are being sought by Plaintiff. Plaintiff has not identified the specific purpose for which these property rights and interests are being sought as evidenced in this paragraph when Plaintiff alleges that the purpose of the acquisition is unclear at this time. Further, Plaintiff has failed to provide details of its "restoration or clean-up activities". Defendants therefore deny the allegations of Paragraph 27.

28. Defendants object to the allegations contained in Paragraph 28 to the extent that the property rights and interests to be acquired through condemnation have not been specifically described and identified by metes and bounds and no surveys have been provided to Defendants. Without such legal descriptions of the property rights and interests to be acquired by Plaintiff, Defendants do not know what property rights and interests are being sought by Plaintiff. Plaintiff has not identified the specific purpose for which these property rights and interests are being sought as evidenced in this paragraph when Plaintiff alleges that the purpose of the acquisition is unclear at this time and may be later determined. Defendants therefore deny the allegations of Paragraph 28.

29. Defendants object to the allegations contained in Paragraph 29 to the extent that the property rights and interests to be acquired through condemnation have not been specifically described and identified by metes and bounds and no surveys have been provided to Defendants. Without such legal descriptions of the property rights and interests to be acquired

by Plaintiff, Defendants do not know what property rights and interests are being sought by Plaintiff. Defendants therefore deny the allegations of Paragraph 29.

30.     Defendants object to the allegations contained in Paragraph 30 to the extent that the property rights and interests to be acquired through condemnation have not been specifically described and identified by metes and bounds and no surveys have been provided to Defendants. Without such legal descriptions of the property rights and interests to be acquired by Plaintiff, Defendants do not know what property rights and interests are being sought by Plaintiff. Defendants therefore deny the allegations of Paragraph 30 and Exhibits 16, 17, 24 and 25 referenced therein.

31.     Defendants object to the allegations contained in Paragraph 31 to the extent that the property rights and interests to be acquired through condemnation have not been specifically described and identified by metes and bounds and no surveys have been provided to Defendants. Without such legal descriptions of the property rights and interests to be acquired by Plaintiff, Defendants do not know what property rights and interests are being sought by Plaintiff. Defendants therefore deny the allegations of Paragraph 31 and Exhibit 30 referenced therein.

32.     Defendants object to the allegations contained in Paragraph 32 to the extent that the property rights and interests to be acquired through condemnation have not been specifically described and identified by metes and bounds and no surveys have been provided to Defendants. Without such legal descriptions of the property rights and interests to be acquired by Plaintiff, Defendants do not know what property rights and interests are being sought by Plaintiff. Defendants therefore deny the allegations of Paragraph 32.

33.	Defendants object to the allegations contained in Paragraph 33. Plaintiff has failed to negotiate in good faith and to make a good faith offer of compensation to Defendants for the property rights and interests being acquired. Plaintiff has failed to adequately describe the rights and interests being sought through condemnation and, therefore, Plaintiff's pleading does not adequately apprise Defendants of what rights are sough in this lawsuit. No good faith negotiations can be had without knowledge of the specific property rights being acquired.

34.	Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 34.

35.	Defendants are without the knowledge and information sufficient to form a belief as to the truth of allegations contained in Paragraph 35.

## DEFENDANTS' OBJECTIONS AND DEFENSES

Pursuant to Fed. R. Civ. P. 71.1(e)(2), Defendants set out the following objections and defenses to the Complaint in Condemnation and state as follows:

1.	Plaintiff has failed to negotiate in good faith and to make a good faith offer of compensation to Defendants for the property rights and interests being acquired.

2.	Plaintiff has failed to adequately describe the rights and interests being sought through condemnation, as required by Fed. R. Civ. P. 71A(c)(2)(c) and (d), and, therefore, Plaintiff's pleading does not adequately apprise Defendants of what rights are sough in this lawsuit. No good faith negotiations can be had without knowledge of the specific property rights being acquired.

3.	Plaintiff's planned construction, operation, maintenance, replacement, repair, removal or abandonment of a 26-inch natural gas pipeline ("Line MB") does not adequately

describe the specific use for which the property is to be taken as required by Fed. R. Civ. P. 71A(b).

4. Plaintiff has failed to offer just compensation for the property rights and interests being sought and for market value damages to Defendants' remainder property.

5. Plaintiff has failed to state a claim upon which relief can be granted.

6. Plaintiff has failed to meet all conditions precedent to the filing of a condemnation action.

7. Plaintiff's attempted taking of Defendants' property rights and interests in unconstitutional.

8. Plaintiff's attempted taking of Defendants' property rights and interests is in violation of the due process clause of the United States Constitution.

9. Defendants reserve the right to file additional objections and defenses if circumstances change, when more specific legal descriptions of the property rights and interests being sought are made by the Plaintiff, or any amendments to this action are filed by Plaintiff.

## REQUEST FOR JURY

Defendants request a trial by jury pursuant to Fed. R. Civ. P. 71.1(h)(1)(B) to determine just compensation of the land being taken and the damages to the remainder properties.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that:

1. Judgment be rendered denying Plaintiff the right to condemned Defendants' property rights and interests;

2. Alternatively, if such condemnation is allowed, that Defendants' objections and defenses set forth herein be considered;

      3.      Plaintiff be denied possession of Defendants' properties until all conditions precedent are met, including engaging in good faith negotiations;

      4.      Defendants request a trial by jury pursuant to Rule 71.1(h)(1)(B) on the issue of just and adequate compensation; and

      5.      Defendants request the Court grant Defendants such other and further relief to which they may be entitled.

      Respectfully submitted,

      KENNY LAW GROUP, LLC

      /s/ Heidi S. Kenny
      Heidi S. Kenny (Federal Bar No. 27068)
      Kenny Law Group, LLC
      11426 York Road, 1st Floor
      Cockeysville, Maryland 21030
      Phone: (410) 415-7071
      Fax: (410) 415-7161
      Email: HKenny@kenny-law.com

      /s/ Karen R. Byers
      Karen R. Byers (Federal Bar No. 29243)
      Kenny Law Group, LLC
      11426 York Road, 1st Floor
      Cockeysville, Maryland 21030
      Phone: (410) 415-7071
      Fax: (410) 415-7161
      Email: KByers@kenny-law.com

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the above and foregoing Defendants' Answer and Jury Demand was served on opposing counsel listed below via certified mail, return receipt requested, facsimile transmission, hand-delivery, and/or electronic filing

transmission pursuant to the Federal Rules of Civil Procedure, on this the day 7th of March, 2014.

John D. Wilburn
McGuire Woods LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5281
jwilburn@mcguirewoods.com

Jessica D. Fegan
McGuire Woods LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5281
jfegan@mcguirewoods.com

*Counsel for Columbia Gas Transmission LLC*

Mark J. Daneker, Esquire
Daneker, Mcintire, Schumm, Prince, Manning & Wildmann, PC
One North Charles Street, Suite 2450
Baltimore, MD 21201

/s/ *Karen R. Byers*
Karen R. Byers