IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:14-0469-RDB |
| 370.393 ACRES, MORE OR LESS IN, BALTIMORE COUNTY, MARYLAND LOCATED ON PARCEL IDENTIFICATION NUMBER 20-00-013434, OWNED BY STEPHEN A. WILLIAMS AND CHRISTINE C. WILLIAMS, *et. al.*, | * * * * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Pending before this Court is Defendants Bradley G. Moore, Ruth L. Moore, Lisa G. Moore, and B. Lance Moore's[1] Motion for a More Definite Statement (ECF No. 26) and Defendants Stephen A. Willaims, Christine C. Williams, Edmund Childs, Marian Childs, Patrick George Welsh, Jr., Anthony H. Diferdinando, II, and Mary Miller Diferdinando's[2] Motion for a More Definite Statement (ECF No. 36). Columbia Gas Transmission, LLC ("Plaintiff") has filed its response to both Motions. ECF No. 40 and 42. This Court has reviewed the parties' submissions and no hearing is necessary. *See* Local Rule 105.6 (D. Md.

---

[1] Hereinafter, this group of Defendants will be referred to as the "Moore Defendants."
[2] Hereinafter, this group of Defendants will be referred to as the "Williams Defendants."

2011).  For the reasons that follow, the Defendants' Motions for a More Definite Statement (ECF No. 26 and No. 36) are DENIED.

DISCUSSION

Federal Rule of Civil Procedure 71.1 sets forth the proper pleading procedure for condemnation actions.  Under this Rule, the Defendants may raise their objections and defenses to the condemnation in an answer to the Complaint, Fed. R. Civ. P. 71.1(e)(2)(c), but "no other pleading or motion asserting an additional objection or defense is allowed," Fed. R. Civ. P. 71.1(e)(3).  Thus, the Defendants' Motions for a More Definite Statement are not procedurally appropriate under Rule 71.1 and must be denied.  *See Atlantic Seaboard v. Van Sterkenburg*, 318 F.2d 455, 459 (4th Cir. 1963) (holding that a Motion for a More Definite Statement in a condemnation proceeding is procedurally inappropriate and is to be summarily denied).

However, even if the Court were to proceed to the merits of the Defendants' Motions, they fail as a matter of law.  According to Rule 71.1(c)(2), Plaintiff's Complaint is required to provide a short and plain statement of:

> (A) the authority for the taking; (B) the uses for which the property is to be taken; (C) a description sufficient to identify the property; (D) the interests to be acquired; and (E) for each piece of property, a designation of each defendant who has been joined as an owner or owner of an interest in it.

Fed. R. Civ. P. 7.1(c)(2). The Plaintiff's Complaint satisfies all five of these requirements.[3]

The Williams Defendants argue that Plaintiff's Complaint "sets forth the vague and overbroad mandate that Defendants may utilize the property encumbered by the easements

---

[3] Although the Defendants' Motions are unclear as to which requirements they contend Plaintiff fails to fulfill, neither Motion alleges that Plaintiff's Complaint is deficient for failure to state the last requirement of Rule 71.1(c)(2).  Thus, this Court shall address the first four requirements only.  Fed. R. Civ. P. 7.1(c)(2)(A-D).

as long as the use is consistent with Plaintiff's 'Minimum Guidelines.'" Defs. Williams' Mot. for More Definite Statement, ECF No. 36.  These Defendants claim that the Minimum Guidelines propose rights outside of those granted under the Federal Energy Regulatory Commission ("FERC") Certificate, and thus, Plaintiff has no authority to impose such limitations on the Defendants.  *Id.* Likewise, the Moore Defendants also argue that Plaintiff's attempt to impose its Minimum Guidelines on the Defendants is outside the scope of the FERC Certificate.  Defs. Moores' Mot. for More Definite Statement, ECF No. 26.  However, the Federal Rules of Civil Procedure do not require a plaintiff to prove its authority for its condemnation in its Complaint, but to make a short and plain statement of its claimed authority.  *See* Fed. R. Civ. P. 7.1(c)(2)(A).  Plaintiff has satisfied this standard.  Plaintiff's Complaint states that the authority by which it seeks to take the Defendants' property is the Natural Gas Act, 15 U.S.C.A. § 717(f), and the Certificate of Public Convenience and Necessity that the FERC granted Plaintiff on November 21, 2013. Compl. ¶¶ 4, 23.  Accordingly, Plaintiff has satisfied the first requirement under Rule 71.1(c)(2).

In addition, Plaintiff's Complaint satisfies the second requirement under Rule 71.1(c)(2)(B) because it makes a short and plain statement regarding the use for which the property is to be taken.  The Plaintiff has explicitly stated in its Complaint that the property and easements sought will be used to construct "a portion of approximately 21.1 miles of Line MB." Compl. ¶ 24.

The Defendants seem to most vigorously dispute that the Complaint satisfies the third requirement of Rule 71.1(c)(2), which calls for a description sufficient to identify the properties.  Defendants argue that the Complaint does not meet this requirement because it

3

does not set forth any "metes and bounds" to clarify the exact location of the easements that Plaintiff seeks to acquire. Defs. Moores' Mot. for More Definite Statement, ECF No. 26. However, Plaintiff's Complaint and attached exhibits—which include the parcel identification numbers, the plats, and the reference to the deeds—satisfactorily identify the properties subject to condemnation. Compl. ¶¶ 5-14; Compl. Ex. 1-14. Furthermore, the Complaint provides the total acreage, a description, and an estimated pictorial representation of each easement. Compl. ¶ 30; Compl. Ex. 16-29. Rule 71.1(c)(2)(C) does not require a complaint to identify the interests with more specificity than this. *See E. Tenn. Natural Gas Co. v. Sage*, 361 F. 3d 808, 830 (4th Cir. 2004) (holding that a legal description and a plat showing where the easement run satisfy the identification of a property under Rule 71.1(c)(2) (citations omitted)); *E. Tenn. Natural Gas, LLC. V. 1.28 Acres in Smyth Cnty.*, Va., No. 1:06-CV-00022, 2006 WL 1133874 (W.D. Va., April 26, 2006). Thus, the Complaint provides an adequate description to identify the property under Rule 71.1(c)(2)(C).

As to the fourth requirement, the Complaint provides a sufficient statement of the interests sought. *See* Compl. ¶ 26-29. The Defendants argue that Plaintiff's Complaint is deficient because it does not describe the duration of the temporary easements nor the Defendants' continued rights under the easements. Defs. Williams' Mot. for More Definite Statement, ECF No. 36, Defs. Moores' Mot. for More Definite Statement, ECF No. 26. However, Plaintiff has provided both pieces of information by submitting the FERC Certificate and its Minimum Guidelines as exhibits to the Complaint. Compl. Ex. 16 and 30. The FERC Certificate gives a construction timeline of two-years, which presumably would be at least an estimated length of the temporary easements. *Id.* Ex. 16. The Minimum

Guidelines set forth descriptions of the rights retained by the Plaintiff.[4] *Id.* Ex. 30. Through the plain statements of the Complaint (Compl. ¶ 26-29) and the exhibits attached to the Complaint (*id.* ex. 16 and 30), Plaintiff sufficiently identifies the interests to be acquired through this condemnation action.

In sum, Motions for a More Definite Statement are procedurally inappropriate in a condemnation proceeding, but in this case, they also fail on their merits because Plaintiff has satisfied the pleading requirements under Rule 71.1(c)(2).

### CONCLUSION AND ORDER:

For the foregoing reasons, it is this 25th day of June 2014, hereby ORDERED that:

1. Defendants Bradley G. Moore, Ruth L. Moore, Lisa G. Moore, and B. Lance Moore's Motion for a More Definite Statement (ECF No. 26) and Defendants Stephen A. Willaims, Christine C. Williams, Edmund Childs, Marian Childs, Patrick George Welsh, Jr., Anthony H. Diferdinando, II, and Mary Miller Diferdinando's Motion for a More Definite Statement are DENIED; and

2. The Clerk of the Court transmit copies of this Memorandum Opinion and Order to Counsel.

/s/
Richard D. Bennett
United States District Judge

---

[4] As articulated earlier in this Opinion, whether the Plaintiff has proven any authority to impose these Minimum Guidelines is a subject for a later date, but not a basis for granting a Motion for a More Definite Statement.