IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:14-0469-RDB |
| 370.393 ACRES, MORE OR LESS IN, BALTIMORE COUNTY, MARYLAND LOCATED ON PARCEL IDENTIFICATION NUMBER 20-00-013434, OWNED BY STEPHEN A. WILLIAMS AND CHRISTINE C. WILLIAMS, *et. al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

This case is one of several[1] initiated by Plaintiff Columbia Gas Transmission, LLC ("Columbia Gas") in this Court in order to obtain the land necessary for the construction of a natural gas pipeline in Baltimore County, Maryland. Pending before this Court is Columbia Gas' Motion for Partial Summary Judgment[2] in which Columbia Gas seeks an order confirming its right to condemn properties of the Defendants pursuant to the Natural Gas Act, 15 U.S.C. § 717f(h). The parties' submissions have been reviewed and a hearing

---

[1] The cases include: *Columbia Gas Transmission LLC v. 0.36 Acres*, Civ. A. No. WDQ-15-638; *Columbia Gas Transmission LLC v. 0.85 Acres*, Civ. A. No. WDQ-14-2288; *Columbia Gas Transmission, LLC v. 561 Acres*, Civ. A. No. MJG-14-338; *Columbia Gas Transmission, LLC v. 76 Acres*, Civ. A. No. ELH-14-110; *Columbia Gas Transmission LLC v. Those Certain Parcels in Baltimore County and Harford County*, Civ. A. No. JFM-14-220; and *Columbia Gas Transmission, LLC v. 6 Acres*, Civ. A. No. JFM-15-2057.

[2] Columbia Gas had originally filed a Motion for Immediate Possession of the Easements as well (ECF No. 50), but that motion has since been withdrawn.

1

was held on August 20, 2014. For the reasons that follow, Plaintiff Columbia Gas Transmission, LLC's Motion for Partial Summary Judgment (ECF No. 49) is GRANTED.

## BACKGROUND

This Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013).

Plaintiff Columbia Gas Transmissions, LLC ("Columbia Gas") is a natural gas company that has sued multiple property owners, the Defendants[3], to obtain various easements and rights-of-way on their property to build a pipeline under the Natural Gas Act, 15 U.S.C.A. § 717, *et seq.*[4] Since the 1950s, Columbia Gas has operated a 26-inch gas pipeline ("Line MA") in and around Baltimore. Line MA is currently the only pipeline providing gas to certain areas in Baltimore County. Line MA was constructed before federal pipeline safety standards were enacted in 1970, leaving the pipeline vulnerable to corrosion

---

[3] Defendants are property owners and residents of Baltimore County, Maryland. Original named Defendants included  Stephen A. Williams and Christine C. Williams (the "Williamses"); Edmund Childs and Marian Childs (the "Childses"); Michael James Wagner and Linda Dolores Wagner (the "Wagners"); Joseph W. Witcher and Leslie E. Erickson ("Mr. Witcher" and "Ms. Erickson"); Paul R. Toomey and Kristine D. Toomey (the "Toomeys"); Michael D. Oliver and Donna L. Oliver (the "Olivers"); Lisa G. Moore, B. Lance Moore, Diane Miller Williams, Mary Miller DiFerdinando, Carol Madeline Miller, John Walter Miller; Ruth L. Moore and Bradley G. Moore (the "Moores"); Patrick George Welsh, Jr. ("Mr. Welsh"); Anthony H. DiFerdinando and Mary DiFerdinando (the "DiFerdinandos"),  William H. Brown and Cynthia Marie McNeil Brown (the "Browns"),  John T. Kerr, Jr. and Beth Lynch Kerr (the "Kerrs"), J. Erich Herwig and Ellen Herwig (the "Herwigs"), and Lancaster LLC.
    Early in this matter, Columbia Gas voluntarily dismissed this matter with respect to the following named Defendants: John T. Kerr, Jr., Beth Lynch Kerr, Lancaster LLC, William H. Brown, Cynthia McNeil Brown, J. Erich Herwig, Ellen Herwig. *See* ECF No. 48, 46, 31.  Moreover, as noted below, the Moores and the Olivers have been voluntarily dismissed as well. *See* ECF Nos. 70, 71.

[4] Columbia Gas and another gas company, BGE, already possess easements on some of the Defendants' properties, which were previously obtained by these companies for the construction and operation of pipelines.  The Line MB project would expand these existing easements on the Defendants' lands. Specifically, the project proposes an expansion of the existing easements of 50 feet of permanent access and 25 to 50 feet of temporary access. Witcher Aff., ECF No. 60-3.

and failure.  On November 21, 2013, the Federal Regulatory Energy Commission ("FERC") granted a Certificate of Public Convenience and Necessity to begin a project involving the construction of a redundancy pipeline ("Line MB") to serve Baltimore County in addition to Line MA.

Line MB will be an approximately 21.1 mile pipeline that will be partially located on the properties in question.  These properties are located in the middle of the linear 21.1 mile strip of land that Columbia Gas plans to use to construct its pipeline.  Columbia Gas seeks to obtain certain temporary and permanent easements over the properties in order to successfully complete the construction of this project.  Specifically, Columbia Gas seeks a combination of five types of easements: permanent easements, access road uses, temporary construction easements, staging yard uses, and temporary construction licenses.[5]  The amount of acreage requested ranges from .0084 acres to 2.9649 acres.

Columbia Gas has contacted the Defendants in an attempt to secure agreements granting Columbia Gas the requested easements.  *See* Affidavit of Jacob Frederick ¶ 23, ECF No. 49-2 ("Columbia sent written offers to Landowners in December 2013, and January and February 2014.").  Defendants contend that these interactions have mainly consisted of simple form letters from Columbia Gas.  Defendants have refused to agree to the terms offered by Columbia Gas, expressing concerns about the nature and scope of the requested property rights as well as the potential for damage to or decrease in value of their property.  After these attempts to negotiate, Plaintiff filed its Complaint in Condemnation on February

---

[5] The precise rights sought as to each property are listed in the Complaint.  *See* Pl.'s Compl. ¶ 29.

3

8, 2014.[6] Thereafter, the Plaintiff filed the pending Motion for Partial Summary Judgment (ECF No. 49).[7]

During the pendency of this matter, Columbia Gas reached settlements with several of the Defendants, including Michael and Donna Oliver and Ruth and Bradley Moore. *See* ECF No. 71, 70.

STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

The Natural Gas Act, 15 U.S.C. 717*et seq.*, governs the process for siting and constructing natural gas pipelines. Under that Act, natural gas pipeline companies that have obtained a certificate of public convenience and necessity from the Federal Energy Regulatory Commission have the right to condemn property for the purposes of pipeline

---

[6] After the Complaint was filed, multiple Defendants filed a request for a More Definite statement, which this Court denied. ECF No. 65.

[7] Additionally, the Plaintiff filed a Motion for Immediate Possession (ECF No. 50). However, the Plaintiff subsequently moved to withdraw that motion, *see* ECF No. 72, and this Court granted that motion to withdraw on August 18, 2014. *See* ECF No. 73.

construction.  Under Rule 71.1 of the Federal Rules of Civil Procedure, a complaint for condemnation of property must contain the following information:

> (A) the authority for the taking;
> (B) the uses for which the property is to be taken;
> (C) *a description sufficient to identify the property*;
> (D) *the interests to be acquired*; and
> (E) for each piece of property, a designation of each defendant who has been joined as an owner or owner of an interest in it.

FED. R. CIV. P. 71.1(c)(2) (emphasis added).  In such condemnation proceedings, the role of the district courts is limited:

> The district court's role is simply to evaluate the scope of the certificate and to order condemnation of property as authorized in the certificate.  Disputes over the reasons and procedures for issuing certificates of public convenience and necessity must be brought to the FERC.  Thus, when a landowner contends that the certificate holder is not in compliance with the certificate, that challenge must be made to FERC, not the district court.

*Columbia Gas Transmission, LLC v. 76 Acres More or Less*, Civ. A. No. ELH-14-0110, 2014 WL 2960836 (D. Md. June 27, 2014), *reconsideration denied*, Civ. A. No. ELH-14-00110, 2014 WL 4723066 (D. Md. Sept. 22, 2014) (citations and quotation marks omitted).

ANALYSIS

In its Motion for Partial Summary Judgment, Columbia Gas seeks an order confirming its right to condemn the properties identified in the Complaint and owned by the named Defendants in order to construct a pipeline in Baltimore County, Maryland.  The Natural Gas Act, 15 U.S.C. 717*et seq.*, governs the process for siting and constructing natural gas pipelines.  Before constructing a pipeline, one "must first obtain a certificate of public convenience and necessity from the Federal Energy Regulatory Commission ('FERC'), the

federal agency responsible for supervising and coordinating the production of energy in the United States." *Alliance Pipeline L.P. v. 4.360 Acres of Land, More or Less, in S/2 of Section 29, Twp. 163 N., Range 85 W., Renville Cnty., N.D.*, 746 F.3d 362, 364 (8th Cir. 2014).  After obtaining the FERC Certificate of public convenience and necessity, natural gas pipeline companies are granted the authority to condemn property for the purpose of constructing pipelines:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, . . . it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: Provided, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

15 U.S.C. § 717f(h).  Moreover, as Judge Hollander of this Court has recently pointed out, the role of the district courts in proceedings such as this is rather limited:

> A district court's role in proceedings involving FERC certificates is circumscribed by statute. The district court's role is simply to evaluate the scope of the certificate and to order condemnation of property as authorized in the certificate. Disputes over the reasons and procedures for issuing certificates of public convenience and necessity must be brought to the FERC.  Thus, when a landowner contends that the certificate holder is not in compliance with the certificate, that challenge must be made to FERC, not the district court.

*Columbia Gas Transmission, LLC v. 76 Acres More or Less*, Civ. A. No. ELH-14-0110, 2014 WL 2960836 (D. Md. June 27, 2014), *reconsideration denied*, Civ. A. No. ELH-14-00110, 2014 WL 4723066 (D. Md. Sept. 22, 2014) (citations and quotation marks omitted).

In this case, it is undisputed that Columbia Gas has obtained a certificate of public convenience and necessity from FERC on November 21, 2013 for the MB Line. Moreover, it is clear that Columbia Gas and the remaining Defendants have been unable to agree on the compensation to be paid for the easements. *See* Frederick Aff. ¶¶ 23-24 (stating that Columbia Gas sent written offers to the Defendants and that there is no agreement on a contract).

These facts notwithstanding, the Defendants nevertheless argue that Columbia Gas is not entitled to summary judgment with respect to their right to condemn. One of Defendants' main contentions is that Columbia Gas has failed to engage in *bona fide* negotiations with the Defendants. *See, e.g.*, Oliver Opp'n Mot. Summ. J. 1, ECF No. 55. However, the Natural Gas Act merely requires that Columbia Gas be unable to come to an agreement. *See E. Tenn. Natural gas, LLC v. 1.28 Acres*, Civ. A. No. 06-22 *et al.*, 2006 WL 1133874, at *29 (W.D. Va. Apr. 26, 2006) ("[N]othing in the [Natural Gas] Act or Federal Rule of Civil Procedure 71A requires the condemnor to negotiate in good faith. All the Act requires is a showing that the plaintiff has been unable to acquire the property by contract or has been unable to agree with the owner of the property as to the compensation to be paid."); *see also Columbia Gas Transmission, LLC v. 76 Acres More or Less*, 2014 WL 2960836, at *8 ("The statute does not prescribe the manner in which negotiations must proceed or the form that an offer to purchase the easements must take."). As Columbia Gas has adequately

shown an inability to agree on compensation, it has demonstrated all the negotiation that is required under the Natural Gas Act in order to obtain summary judgment with respect to its right to condemn the properties.

The Defendants also argue that the descriptions of the easements are inadequate. Columbia Gas has identified the subject properties by parcel number and liber folio number for each property. Additionally, Columbia Gas provided two maps/drawings that identify the affected properties and the proposed easement; these drawings, however, also contain a disclaimer stating that the drawings are for general information or discussion purposes only. Defendants assert that these descriptions are unreliable and inadequate because they do not allow for a precise description of Columbia Gas' rights.

Under Rule 71.1 of the Federal Rules of Civil Procedure, a complaint for condemnation of property must contain the following information:

> (A) the authority for the taking;
> (B) the uses for which the property is to be taken;
> (C) *a description sufficient to identify the property*;
> (D) *the interests to be acquired*; and
> (E) for each piece of property, a designation of each defendant
> who has been joined as an owner or owner of an interest in it.

FED. R. CIV. P. 71.1(c)(2) (emphasis added). Thus, the rule "does not explicitly require any particular type of map, drawing, or measurement of the interests to be acquired . . . . [n]or does it require a survey adequate for recording in local land records." *Columbia Gas Transmission, LLC v. 76 Acres More or Less*, 2014 WL 2960836, at *5. Under these facts—which are essentially identical to those of *Columbia Gas Transmission, LLC v. 76 Acres More or Less*—Columbia Gas has satisfied its burden of identifying the property under Rule 71.1 and,

therefore, no additional descriptions are needed in order for Columbia Gas to obtain an order recognizing its right to condemn the properties.[8]

Next, Defendants have asserted that Columbia Gas seeks rights that exceed those granted in the FERC Certificate. *See* Mem. Supp. Joint Consol. Resp. Defs. Wagners, Wichter/Erickson and Toomeys 6-8, ECF No. 60-1. However, as is clear in the Defendants' papers, the Defendants protest the terms offered by Columbia Gas during the negotiation process. These terms, by Columbia Gas's own admission, were broader than those sought in Columbia Gas' actual Complaint. Defendants have failed to identify a single right actually sought in Columbia Gas' Complaint that exceeds the scope of the FERC Certificate. Accordingly, the Defendants' contention is of no moment, and Columbia Gas is entitled to summary judgment with respect to its right to condemn.

Finally, Defendants suggest that Columbia Gas has failed to comply with certain conditions precedent listed in the FERC Certificate. *See* Mem. Supp. Joint Consol. Resp. Defs. Wagners, Wichter/Erickson and Toomeys 8, ECF No. 60-1. However, "[a] district court's role in proceedings involving FERC certificates is circumscribed by statute, and when a landowner contends that the certificate holder is not in compliance with the certificate, that challenge must be made to FERC, not the court." *Millennium Pipeline Co. v. Certain Permanent & Temp. Easements*, 777 F. Supp. 2d 475, 481 (W.D.N.Y. 2011) *aff'd sub nom. Millennium Pipeline Co. v. Certain Permanent & Temp. Easements in (No No.) Thayer Rd., S.B.L. No. 63.00-1-*

---

[8] Defendants have also contended that partial summary judgment is inappropriate because there has not yet been a chance for discovery concerning the nature and scope of the easements. However, this Court has already ruled that the descriptions are adequate at this stage of the proceeding, and the Defendants have not identified any information necessary for their defense at this stage. Of course, discovery will be permitted before this Court makes any rulings on the issue of compensation to be paid to the landowners.

*24.1, Town of Erin, Cnty. of Chemung, New York*, 552 F. App'x 37 (2d Cir. 2014) (internal quotation marks omitted).  Defendants' attempt to distinguish *Millennium Pipeline* on the basis of the construction status of the pipeline is unpersuasive; FERC is charged with enforcing its certificates whereas the role of the federal district courts is to ensure that the scope of the certificate is not exceeded.  *See Portland Natural Gas Transmission Sys. v. 4.83 Acres of Land,* 26 F. Supp. 2d 332, 336 (D.N.H. 1998) ("Compliance with FERC conditions cannot be used as a defense to the right of eminent domain and cannot be cited to divest the court of the authority to grant immediate entry and possession to the holder of a FERC certificate."); *Columbia Gas Transmission, LLC v. 76 Acres More or Less*, Civ. A. No. ELH-14-0110, 2014 WL 2960836 (D. Md. June 27, 2014) ("[W]hen a landowner contends that the certificate holder is not in compliance with the certificate, that challenge must be made to FERC, not the district court.").  This Court has already determined that Columbia Gas' Complaint complies with the scope of the FERC Certificate; therefore, this Court's inquiry is at an end.

## CONCLUSION

For the reasons stated above, Plaintiff Columbia Gas Transmission, LLC's Motion for Partial Summary Judgment (ECF No. 49) is GRANTED.

A separate Order follows.

Dated:	October 9, 2014	_____/s/_____
	Richard D. Bennett
	United States District Judge