IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:14-0469-RDB |
| 370.393 ACRES, MORE OR LESS IN, BALTIMORE COUNTY, MARYLAND LOCATED ON PARCEL IDENTIFICATION NUMBER 20-00-013434, OWNED BY STEPHEN A. WILLIAMS AND CHRISTINE C. WILLIAMS, *et. al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM OPINION & ORDER</u>**

Currently pending before this Court is Plaintiff Columbia Gas Transmission, LLC's ("Columbia Gas") Petition to Show Cause (ECF No. 85) as to why the Court should not issue an Order granting Columbia Gas immediate possession of their requested easements.[1] Defendants Michael and Linda Wagner do not oppose Columbia Gas' right to immediate possession. Defendants Bradley G. Moore, Ruth L. Moore, Lisa G. Moore, B. Lance Moore, Carol Miller Birger, Diane Miller Murray, and John W. Miller, by counsel, have filed a Response in Opposition (ECF No. 86). In addition, Defendants Stephen A. Williams and Christine C. Williams, Edmund Childs and Marian Childs, Patrick George Welsh, Jr., and

---

[1] By previous Memorandum Opinion (ECF No. 76) and separate Order (ECF No. 77), this Court granted summary judgment to Columbia Gas and confirmed Columbia Gas's right to exercise eminent domain under the Natural Gas Act, 15 U.S.C. 717f.

Anthony H. DiFerdinando II and Mary DiFerdinando filed a separate Response (ECF No. 87) as well. In their respective papers, the Objecting Defendants[2] raise a number of arguments; specifically, the Objecting Defendants assert that Columbia Gas is not entitled to possession of the easements because (1) it has failed to comply with Maryland law; (2) Columbia Gas cannot prove at this time that its position on just compensation will prevail at trial; (3) Columbia Gas has failed to adequately describe the location of the easements; (4) Columbia Gas has failed to conduct a "good faith" negotiation to reach an agreement on compensation; and (5) the rights sought by Columbia Gas exceed the scope of the rights granted by the Federal Energy Regulatory Commission's certificate of public convenience and necessity.

The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). This Court finds that the Objecting Defendants have failed to demonstrate any cause for denying Columbia Gas' immediate possession of the easements. Specifically, this Court's prior opinions have resolved many of this issues. Moreover, in a case involving the same pipeline, Judge Hollander of this Court rejected these same arguments and awarded Columbia Gas immediate possession of their requested easements. *See Columbia Gas Transmission, LLC v. 76 Acres*, Civ. A. No. ELH-14-110, 2014 WL 2960836 (June 27, 2014) (granting summary judgment and immediate possession to Columbia Gas), and 2014 WL 472 3066 (Sept. 22, 2014) (denying motion for reconsideration). Applying that reasoning here, this Court finds that the Objecting Defendants' arguments are without merit.

---

[2] The Objecting Defendants include Bradley G. Moore, Ruth L. Moore, Lisa G. Moore, B. Lance Moore, Carol Miller Birger, Diane Miller Murray, John W. Miller, Stephen A. Williams and Christine C. Williams, Edmund Childs and Marian Childs, Patrick George Welsh, Jr., and Anthony H. DiFerdinando II and Mary DiFerdinando

In addition, this Court finds that Columbia Gas has established that it is entitled to a preliminary injunction in this matter under the elements set forth in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008) and *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part on remand*, *The Real Truth About Obama, Inc. v. F.E.C.*, 607 F.3d 355 (4th Cir. 2010) (*per curiam*).  Under the terms of the Federal Energy Regulatory Commission certificate, construction of the pipeline must be completed by November 2015 and Columbia Gas must begin construction on the Defendants' properties by March 2015 in order to remain on schedule and to avoid various safety hazards.  Columbia Gas would suffer harm without the easements because further delay would jeopardize Columbia Gas' ability to remain on schedule and would necessitate additional costs and expenses.  *See Columbia Gas Transmission, LLC v. 76 Acres*, 2014 WL 2960836, at *15.  The balance of the equities weighs in Columbia Gas' favor, and Columbia Gas' immediate possession of the easements is also in the public interest because such possession ensures the construction of a new pipeline that will improve reliability and public safety.  *See id.* at *16.  Therefore, Columbia Gas is entitled to immediate possession of the easements identified as necessary to the natural gas pipeline project authorized by the certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission.

Accordingly, it is this 9th day of December, 2014, ORDERED that:

1. Columbia is entitled to temporary construction easements and permanent easements on the following properties as they are described in the Complaint

      in Condemnation: the Williams Property, the Childs Property, the Wagner Property, the Moore/DiFerdinando/Miller Property, the Moore Property, the Welsh Property, and the DiFerdinando Property (collectively, the "Properties");

2. Columbia is entitled to possession of temporary construction easements that are twenty-five (25) to fifty (50) feet on either side of and adjoining the permanent easements and which serve the purpose of enabling Columbia to construct Line MB or to later relocate the pipeline or lay additional pipelines and to conduct all activities incident thereto, including restoration or clean-up activities;

3. Columbia is further entitled to possession of permanent easements to be taken on the Properties to include a permanent and exclusive easement and right-of-way to construct, operate, maintain, replace, repair, remove or abandon Line MB, for a total of fifty feet (50') in width, measured twenty five feet (25') to the center of Line MB on each side thereof, unless and to the extent that (a) Line MB is installed nearer than twenty-five (25) feet to a boundary of the premises, in which case the right-of-way area shall extend from the boundary on the near side to twenty-five (25) feet on the other side of the pipeline, or (b) Line MB is installed on an adjoining tract of land, in which case the right-of-way area shall extend from the boundary into landowner's lands to a point that is twenty-five (25) feet from the pipeline, as described more fully on the maps attached hereto, as well the right to change the location of the installed

      Line MB as may be necessary or advisable as the result of any conditions or events beyond Columbia's control, such as highway construction or relocation, coal mining activities, ground slips or floods, or the like;

4. Columbia shall also have reasonable rights to ingress and egress on the Properties for the purposes of access to the easements;

5. The specific temporary construction easements and permanent easements for which Columbia is granted preliminary possession are set forth in the attached maps of the Properties, which are incorporated in this Order as Exhibit A;

6. Those persons who own the Properties (the "Landowners") shall retain the right to use the Properties subject to the easements in any manner that will not interfere with the use and enjoyment of the rights of Columbia;

7. To protect the interests of the Landowners in this matter pending a trial to determine just compensation, within fourteen (14) days from the date of this Order, Columbia shall make a cash bond payment to the court registry in the amount of $73,428. This payment represents the estimated compensation owed for the easements on the following Properties: Wagner Property - $11,750, Moore/DiFerdinando/Miller Property - $40,000, Welsh Property - $16,678, DiFerdinando Property - $2,000, Williams Property - $1,500, and Childs Property - $1,500;

8. The Court previously approved a Joint Stipulation Concerning Payment for Immediate Access, whereby Columbia agreed to the terms of access with Ruth and Bradley Moore. (ECF No. 70.) Thus, this Order authorizes access to and

5

      possession of the necessary easements on the Moore Property under the terms of that approved Stipulation;

9. The Court reserves for another date the determination of whether Columbia is entitled to any permanent land rights in this matter;

10. The Court further reserves for another date the determination of the amount of any just compensation owed to the Landowners in this matter;

11. Accordingly, and subject to this Order, Plaintiff Columbia Gas Transmission, LLC's Petition to Show Cause (ECF No. 85) is GRANTED; and

12. The Clerk of the Court transmit copies of this Memorandum Opinion & Order to the parties.

_____/s/_____
Richard D. Bennett
United States District Judge